UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WRAHSAAN BARRINGER, | ) | 5:09CV1260 |
| | ) | |
| Petitioner | ) | JUDGE BENITA Y. PEARSON |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| BENNIE KELLY, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Wrahsaan Barringer ("Barringer") has filed a petition pro se

for a writ of habeas corpus, arising out of his 2004 convictions for felonious assault

and other crimes, in the Portage County (Ohio) Court of Common Pleas.  (Doc. 1.)

In his petition, Barringer raises four grounds for relief:

>  1.  Trial court committed prejudicial error and plain error.  Fourteenth
> Amendment violation.  [Failure to disclose evidence favorable to
> defendant.]
>
>  2.  Appellant was indicted by Portage County grand jury for four (4)
> counts of Felonious Assault, Having weapon under disability, weapon
> in a liquor permit premises.  [Inconsistent verdicts.]
>
>  3. Prosecutorial misconduct.  [Prosecution allowed witnesses to commit
> perjury.]
>
>  4.  I am currently serving a 17 year sentence for a crime I didn't
> commit.

(Doc. 1, at § 12.)

The respondent filed an Answer/Return of Writ (doc. 6), but Barringer did not file a Traverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court of appeals set forth the following factual and procedural background:

> This case arose after several shots were fired into a bar while a fight was in progress. The incident took place on January 25, 2004, in Ravenna, Ohio. Appellant, Wrahsaan J. Barringer ("Barringer"), was identified at trial as one of the shooters.
>
> Barringer was indicted on six charges arising from this incident. The case was tried to a jury, and Barringer was found guilty on four of the six charges: felonious assault against Deborah Kelly, with a gun specification; felonious assault against Jonathan Caples, with a gun specification; having a weapon while under a disability; and illegal possession of a firearm in a liquor permit premises. He was found not guilty of felonious assault charges against Clemmie L. Perry and Rodney Mack.
>
> The jury returned its verdict on July 8, 2004, and on July 21, 2004, Barringer filed a motion for a new trial. The trial court overruled the motion for new trial on August 9, 2004 and, on the same day, sentenced Barringer to two consecutive seven-year sentences on the felonious assault charges, both sentences to run consecutive to a mandatory three-year sentence for the two merged gun specifications. In addition, Barringer received two concurrent eleven-month sentences on the charges of having a weapon while under a disability and illegal possession of a firearm in a liquor permit premises, both of those sentences to run concurrent with the sentences for felonious assault.

(Doc. 6, RX 8, at 1-2; State v. Barringer, No. 2004-P-0083, 2006 WL 1459759, at *1 (Ohio Ct. App. May 26, 2006).)

In his direct appeal, Barringer raised six assignments of error:

1.  The trial court erred to the prejudice of the defendant-appellant by allowing several witnesses to identify defendant, Mr. Barringer, as the shooter when those witnesses [failed] to identify Mr. Barringer in a photo array.

2. The trial court erred to the prejudice of the defendant-appellant when it overruled his motion for a mistrial after there was significant confusion regarding the photo arrays shown to various witnesses.

3. The trial court erred to the prejudice of the defendant-appellant when it failed to grant his motion for new trial.

4. The trial court erred to the prejudice of the defendant-appellant when it failed to grant a motion for acquittal made pursuant to Crim.R. 29 of the Ohio Rules of Criminal Procedure.

5. The jury erred to the prejudice of the defendant-appellant when it convicted him of two counts of felonious assault, weapon under disability and weapon in a liquor establishment when the convictions are against the manifest weight of the evidence.

6. The trial court erred to the prejudice of the defendant-appellant when it sentenced defendant-appellant to a definite sentence of seven (7) years for felonious assault, to be served consecutively with a seven (7) years definite sentence for felonious assault, and a three (3) year sentence for the gun specification to be served consecutively, and failed to review all of the statutory factors announced in R.C. 2929.12.

(Doc. 6, RX 6.)

The court of appeals affirmed the convictions, but remanded for resentencing, pursuant to State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), cert. denied, 549 U.S. 979 (2006).  (Doc. 6, RX 8, at 23; Barringer, 2006 WL 1459759, at *1.)  As to the sentences, the court ruled:

. . . that part of the sentencing order imposing consecutive sentences and 'more than the minimum' sentences for the felonious assault convictions is reversed.  The consecutive sentence for the gun specification shall remain undisturbed.

Id.

> Upon resentencing,
>
> The trial court imposed an identical, aggregate 17-year prison sentence.  This aggregate prison sentence included seven-year sentences for each of Barringer's felonious assault convictions and a three-year term for the firearm specification, all to be served consecutively to each other.

(Doc. 6, RX 13, at 3; State v. Barringer, No. 2007-P-0002, 2008 WL 482831, at *2 (Ohio Ct. App. Feb. 22, 2008); see also doc. 6, RX 9.))

Barringer appealed that judgment, raising the following four assignments of error:

> 1. The trial court erred when it sentenced appellant under the guidelines of State v. Foster since Foster's severance provisions operate as an ex post facto law.
>
> 2. The trial court denied appellant due process when it sentenced appellant under the guidelines of State v. Foster.
>
> 3. The trial court's sentence of appellant was an abuse of discretion.
>
> 4. The trial court abused its discretion by failing to consider the statutory factors of Ohio Revised Code Section 2929.12.

(Doc. 6, RX 11.)  The court of appeals affirmed the judgment of the trial court.  (Doc. 6, RX 13; Barringer, 2008 WL 482831.)

Barringer filed a timely appeal to the Supreme Court of Ohio, and set forth two propositions of law:

> 1. The jury erred to the prejudice of the defendant-appellant when it convicted him of two counts of felonious assault, weapons under disability and weapon in a liquor establishment when the convictions are against the manifest weight of the evidence.

4

> 2.  The trial court erred to the prejudice of the defendant-appellant
> when it sentenced defendant-appellant to a definite sentence of seven
> (7) years for felonious assault, to be served consecutively with a seven
> (7) years definite sentence for felonious assault and a three (3) year
> sentence for the gun specification to be served consecutively, and failed
> to review all of the statutory factors announced in R.C. 2929.12.

(Doc. 6, RX 15.)  On July 9, 2008, the state high court denied leave to appeal, and

dismissed the appeal as not involving any substantial constitutional question.  (Doc.

6, RX 17; State v. Barringer, 118 Ohio St.3d 1508, 889 N.E.2d 1026 (2008).)


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal

courts must apply when considering applications for a writ of habeas corpus.  Under

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

respect to any claim which was adjudicated on the merits by a state court.  The

Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied -- the state-court adjudication resulted in a
> decision that (1) "was contrary to ... clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of ... clearly established Federal
> law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Barringer has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

## III. PROCEDURAL DEFAULT

The respondent argues that the first three grounds of the petition have been procedurally defaulted. (Doc. 6, at 9-12.)

6

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.  Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief.  Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), aff'd, 507 F.3d 916 (6th Cir. 2007).  Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will

result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting
Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio
2004), aff'd, 547 F.3d 297 (6th Cir. 2008), cert. denied, 103 S.Ct. 503 (2009).

The court considers four factors to determine whether a claim has been
procedurally defaulted:  (1) the court must determine whether there is a state
procedural rule that is applicable to the petitioner's claim, and whether the
petitioner failed to comply with the rule; (2) the court must decide whether the state
courts actually enforced the procedural sanction; (3) the court must decide whether
the state procedural forfeiture is an adequate and independent state ground on
which the state can rely to foreclose review of the federal claim; and, (4) the
petitioner must demonstrate that there was cause for him not to follow the
procedural rule, and that he was actually prejudiced by the alleged constitutional
error.  Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir.
1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

## A.  First Ground

The first ground of the petition is "Trial court committed prejudicial error
and plain error.  Fourteenth Amendment violation."  The supporting facts are
stated as:

> The state failed to disclose evidence favorable to the defendant upon
> request constitutes a violation of the Fourteenth Amendment's due
> process of a fair trial.  Counsel filed a Motion for Discovery and a
> Motion for Bills of Particulars, and it was violated when the
> prosecution failed to provide all evidence.

8

(Doc. 1, § 12.)  The respondent contends that the first ground was presented to the state courts not as a Brady violation, but as the trial court's abuse of discretion in failing to grant his motion for a new trial.  (Doc. 6, at 12.)

Barringer's second and third assignments of error on appeal were similar.  As presented to the state court of appeals, the issue for review on the second assignment was:

> The trial court abused its discretion when it failed to grant Defendant's Motion for Mistrial, in violation of Defendant's Due Process Rights, after there was considerable confusion regarding the various photo arrays produced and shown to numerous witnesses.

(Doc. 6, RX 6, at 12.)  Barringer argued that the appellate court must review the trial court's decision under an abuse of discretion standard.  Id.  In support, he argued that he only received some discovery on the day of the trial, and that counsel was confused by the arrangement of the photo array evidence.  Id. at 12-14 ("it was unclear exactly which witnesses viewed which photo arrays").

Barringer continued, "In light of all the discovery issues presented on the record and in light of the package of information that was turned over to defense counsel, it is apparent that the court should have granted the mistrial."  (Doc. 6, RX 6, at 14.)  Barringer argued that the court abused its discretion by failing to grant a mistrial.  Id. at 14-15.

The issue presented for review on the third assignment of error, in relevant part, was:

9

> Defendant-Appellant's rights to due process of law were violated when
> the court denied his Motion for New Trial pursuant to Crim.R. 33 in
> light of the confusion and errors that permeated the trial.

(Doc. 6, RX 6, at 16.)  Barringer presented similar arguments in support; for

example, "Defense counsel was not sure which photo array Mr. Kelly viewed and

the record is unclear in this regard."  Id.

Barringer never presented the state courts with a separate constitutional

claim, alleging a failure to disclose evidence as a due process violation under Brady

v. Maryland, 373 U.S. 83 (1963).

The Sixth Circuit has held that "the doctrine of exhaustion requires that a

claim be presented to the state courts under the same theory in which it is later

presented in federal court."  Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998); see

also Jalowiec v. Bradshaw, No. 1:03CV0645, 2008 WL 312655, at *24 (N.D. Ohio

Jan. 31, 2008).  That the factual basis for the theories is related would not save the

claim.  Lott v. Coyle, 261 F.3d 594, 607 (6th Cir. 2001), cert. denied, 534 U.S. 1147

(2002).

This court does not have jurisdiction to consider a federal claim in a habeas

petition which was not fairly presented to the state courts.  Baldwin v. Reese, 541

U.S. 27 (2004); Jacobs, 265 F.3d at 415.  The petition should not be granted on the

basis of the first ground because it was not fairly presented to the state courts, thus

it was not properly exhausted.

<u>B. Second Ground</u>

The second ground of the petition is "Appellant was indicted by Portage

County grand jury for four (4) counts of Felonious Assault, Having weapon under

disability, weapon in a liquor permit premises."  The supporting facts are stated as:

> Judge allowed the jury to solely reach a compromise verdict after
> seeing that the jury lost its way by indicating they were deadlocked.
> The jury returned inconsistent verdicts.  If the jury believed that I was
> not the person who committed two of the counts, it is not possible that
> the greater weight of the evidence supports the conviction for the other
> counts.

(Doc. 1, § 12.)

The respondent concedes that Barringer raised this argument to the Ohio

Court of Appeals, but points out that he did not pursue this claim to the Supreme

Court of Ohio.  (Doc. 6, at 13; see generally doc. 6, RX 15.)  The record supports that

contention; the second claim was not properly exhausted.  See Rust, 17 F.3d at 160

(highest court in state must be given full and fair opportunity to rule on claim).

<u>C.  Third Ground</u>

The third ground of the petition is "Prosecutorial misconduct."  The

supporting facts are stated as:

> I was wrongfully accused of a crime I did not commit.  The prosecution
> and trial court allowed for witnesses to commit perjury under oath also
> allowing an in court identification when reasonable minds couldn't
> pick me out of a photo array line up.

(Doc. 1, § 12.)

The respondent argues that it is not clear exactly what claim Barringer is

making in the third ground for relief.  (Doc. 6, at 14.)  Whether his claim is simply

11

prosecutorial misconduct, insofar as he alleges the prosecutor "allowed for witnesses to commit perjury under oath," or some impropriety regarding an improper in-court identification, neither claim was raised before the Supreme Court of Ohio.  See generally doc. 6, RX 15.  The third claim was not properly exhausted.  See Rust, 17 F.3d at 160.

The petition should not be granted on the basis of any of the first three ground because they were not exhausted in the state courts.


## IV.  ACTUAL INNOCENCE

The fourth ground for relief is "I am currently serving a 17 year sentence for a crime I didn't commit."  The supporting facts are stated as:

> The detective had received a tip that Terrance Ogletree was the shooter but they allowed him to turn in the gun he claim[ed] he rebought from me in March 2004.  This is very surprising because I was in jail at the time this [was] supposed to [have] occur[r]ed.  Instead of being convicted, he was a witness for the prosecution.

(Doc. 1, § 12.)  The respondent points out that there is no free-standing actual innocence claim in habeas.  (Doc. 6, at 15.)

The petitioner's claim of actual innocence in a non-capital case does not entitle him to habeas relief absent an independent constitutional violation in the criminal proceeding.  Herrera v. Collins, 506 U.S. 390, 400 (1993); Cress v. Palmer, 484 F.3d 844, 854-855 (6th Cir. 2007); Appleman v. Turner,  52 F.3d 324, 1995 WL 218463, at *1 (6th Cir. 1995) (TABLE, text in WESTLAW) (citing Herrera).

In Schlup v. Delo, 513 U.S. 298, 313-317 (1995), the Supreme Court explained the difference between a procedural innocence claim, which can permit a petitioner to transcend procedural obstacles that would otherwise preclude review of underlying constitutional claims, and a substantive innocence claim.  Even if this claim was raised in a different procedural context (i.e., cause for procedural default), Barringer does not present any new factual evidence that would undermine the validity of his conviction.  See, e.g., Saylor v. Mack, No. 00-4357, 2001 WL 1141294, at *2 (6th Cir. Sept. 17, 2001) (discussing claim of actual innocence in context of equitable tolling).  Barringer simply argues that the jury convicted the wrong man.

On direct appeal, the state court considered his sufficiency of the evidence claim, and ruled that:

> . . . the evidence adduced by the prosecution satisfied each and every element of the offenses charged against Barrringer; that the trial court properly submitted the matter to the jury; and that the jury properly determined that all the elements were present beyond a reasonable doubt.

(Doc. 6, RX 8, at 20; Barringer, 2006 WL 1459759, at *11.)

The petition cannot be granted on the basis of the fourth ground for relief.


## V. SUMMARY

The petition for a writ of habeas corpus should be denied.  The first three claims have been procedurally defaulted.  The fourth claim is not cognizable on habeas review, in the context of this case.

13

<u>RECOMMENDATION</u>

It is recommended that petition for a writ of habeas corpus should be denied.


Dated:   July 14, 2011                          /s/ Kenneth S. McHargh
                                          Kenneth S. McHargh
                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the

Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file

objections within the specified time WAIVES the right to appeal the District Court's

order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d

947 (6th Cir. 1981).

14